**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

FRONTRUNNER BUS GROUP, INC., F/K/A/ NEW ENGLAND WHEELS, INC.,

Plaintiff,

v.

PARETO MOBILITY, LLC,

Defendant.

Case Number: 2:26-cv-13504

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Frontrunner Bus Group, Inc., f/k/a New England Wheels, Inc., by and through its undersigned counsel, files this Complaint against Defendant Pareto Mobility, LLC for infringement of United States Patent Nos., 9,302,709 (the "'709 Patent"), 9,988,102 (the "'102 Patent"), and 10,723,394 (the "'394 Patent") (collectively, the "Asserted Patents"), attached as Exhibits 1, 2, and 3, respectively, and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for infringement of the Asserted Patents arising under the patent laws of the United States, 35 U.S.C. §§ 100, et seq., to obtain damages and injunctive relief resulting from Defendant's unauthorized making,

using, selling, and/or offering to sell products that infringe one or more claims of the Asserted Patents.

**THE PARTIES**

2. Plaintiff Frontrunner Bus Group, Inc., f/k/a New England Wheels, Inc. ("Frontrunner") is a Massachusetts corporation with its principal place of business at 23 Esquire Road, North Billerica, MA 01862.

3. Frontrunner is the owner by assignment of all rights, title, and interest in the Asserted Patents.

4. Defendant Pareto Mobility, LLC ("Pareto") is a Michigan limited liability company with its principal place of business at 13150 N Haggerty Road, B3-100, Plymouth Road, Plymouth, MI 48170.

5. Pareto makes, uses, sells, and/or offers to sell the Step-Free Bus that is accused of infringement in this Complaint in this District, at the Burroughs campus in Plymouth, Michigan, according to a press release dated August 20, 2026, a copy of which is attached as Exhibit 4.

6. Pareto's founder and Chief Executive Officer, Anjani Kumar, is the former Vice President of Engineering of Frontrunner and is named as an inventor on the Asserted Patents. Mr. Kumar has extensive knowledge of the Asserted Patents and Frontrunner's business and is estopped from challenging the validity of the Asserted Patents by virtue of his assignment of his rights as an inventor to

Frontrunner for consideration. Thus, Pareto's infringement of the Asserted Patents is deliberate, intentional, and egregious, supporting treble damages under 35 U.S.C. § 284.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

8. This Court has general personal jurisdiction over Pareto because it is a Michigan limited liability company and its principal place of business is located in this District.

9. This Court also has specific personal jurisdiction over Pareto because it does business in the State of Michigan, including manufacturing its accused Step-Free Bus in this District.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Pareto resides in this District, has committed acts of infringement in this district, and has a regular and established place of business in this District.

## BACKGROUND

11. Frontrunner, founded in 1988 as New England Wheels, Inc., is a leader in the mobility transportation industry. Frontrunner's mission is to deliver innovative, low-floor accessible transit solutions that move communities forward.

Frontrunner's flagship vehicle, the Frontrunner Low-Floor Minibus (the "Frontrunner Bus") utilizes a patented, high-strength composite body and custom steel chassis that makes it thousands of pounds lighter and twice as strong as conventional buses, delivering its customers enhanced fuel efficiency and durability.

12. Frontrunner began its journey as a structural converter of Dodge RAM and Ford E-Series vans modified largely for handicapped accessibility. Its Municipal Transporter vehicle was the first accessible van to allow for simultaneous boarding of both ambulatory and non-ambulatory passengers.

13. In or about 2016, Frontrunner saw an opportunity to revolutionize the mobility transportation space. At the time, competing low-floor vehicles largely utilized rear wheel drive designs, which required sloped floors to accommodate the vehicle's drive shaft. These sloped, "stadium style" floors lead to ridges in the vehicle's floor that created an additional impediment for wheelchairs and occupants alike to enter and exit the vehicle.

14. With the introduction of the RAM Promaster front-wheel drive family of vans and cutaway chassis, Frontrunner began development of a low-floor minibus, which would later become the Frontrunner Bus, which would eliminate the compromises associated with other low-floor vehicles.

15. The development of the Frontrunner Bus presented a particular engineering challenge—mini-buses are required to operate within a limited Gross Vehicle Weight Rating ("GVWR"), yet their structure must provide sufficient strength and durability while accommodating passengers, accessibility equipment, vehicle systems, and payload. Reducing the weight of the vehicle structure therefore provides material benefits but cannot come at the expense of structural integrity.

16. The inventions disclosed and claimed in the Asserted Patents enable the Frontrunner Bus to have a GVWR of less than 10,000 pounds, while still accommodating up to fifteen passengers safely. That gives the Frontrunner Bus a substantial weight advantage compared to a typical cutaway bus, which can have a GVWR of up to 14,500 pounds, almost fifty percent higher than the GVWR of the Frontrunner Bus.

17. Rather than rely upon a conventional heavy steel roll cage body structure, often referred to as body-on-chassis, Frontrunner began development of a new, integrated lightweight modular structural system. This system achieved structural strength through the use of lightweight sandwich panels, embedded structural strength reinforcements, and roof structural members that were integrated and bonded together. Individually, these components were lightweight,

and once bonded together, acted collectively to create a structural system substantially stronger than the individual components standing alone.

18. These development efforts lead not only to the Frontrunner Bus, but also to the issuance of several United States Patents, including the Asserted Patents. The technology protected by these patents was, and remains, critical to Frontrunner's success in the market, and is the result of substantial time, engineering effort, institutional knowledge, and investment by Frontrunner.

19. Since its introduction, Frontrunner has sold the Frontrunner Bus nationwide, and Frontrunner Buses are used by a wide variety of industries, including, but not limited to, federally funded public transit agencies, federal agencies serving veterans, senior living centers, mobile libraries as "bookmobiles," mobile health offices, and other commercial transportation providers.

**UNITED STATES PATENT NO. 9,302,709**

20. The '709 Patent, entitled "Lightweight Modular Structural Panel," was filed on June 15, 2015, and issued on April 5, 2016, by the United States Patent and Trademark Office ("USPTO"). *See* Exhibit 1.

21. The '709 Patent is valid and enforceable.

**UNITED STATES PATENT NO. 9,988,102**

22. The '102 Patent, entitled, "Modular Vehicle," was filed on February 18, 2016, and issued on June 5, 2018, by the USPTO. *See* Exhibit 2.

23. The ’102 Patent is valid and enforceable.

## UNITED STATES PATENT NO. 10,723,394

24. The ’394 Patent, entitled “Modular Vehicle” was filed on June 1, 2018, and issued on July 28, 2020, by the USPTO. *See* Exhibit 3.

25. The ’394 Patent is valid and enforceable.

## THE ACCUSED PRODUCT

26. Pareto makes, uses, sells, and/or offers for sale the Pareto Step-Free Bus. Pareto advertises the Step-Free Bus as being manufactured using lightweight sandwich panels and aluminum extrusions to enable higher payloads and up to eighteen passengers. Pareto advertises the sandwich panels and aluminum extrusions utilized in the Step-Free Bus’s manufacture as being a patented design.

27. Based on videos available on Pareto’s website, the sandwich panels that make up the Step-Free Bus’s passenger compartment are modular—being connected both to other panels and the vehicle’s separate chassis to form the passenger compartment. The sandwich panels also appear to be constructed utilizing a frame made up of box beams, with outer panels being connected to those beams along with a filler to form a lightweight, but resilient, structure. Upon information and belief, the Step-Free Bus’s side and roof panels also include pultruded beams or an equivalent structure.

28. In addition, Pareto's Step-Free Bus is marketed to identical markets as the Frontrunner Bus — "transit agencies, senior-living communities, healthcare providers, and shuttle operators." *See* Exhibit 4.

29. Pareto actively markets the Step-Free Bus as being capable of disrupting the commercial bus market by offering its Step-Free buses for anywhere from 30-50% less than competitors, including Frontrunner. Pareto attributes its ability to offer the Step-Free at such low prices to advanced manufacturing, which includes, on information and belief, manufacturing inventions disclosed and claimed in the Asserted Patents.

**WILLFULNESS**

30. Through Mr. Kumar, Pareto has had actual notice of the Asserted Patents at all relevant times.

31. As alleged above, prior to founding Pareto, Mr. Kumar served as Vice President of Engineering at Frontrunner and led the original engineering team responsible for developing the Frontrunner Bus. In his role, Mr. Kumar did not merely have an opportunity to observe the Frontrunner Bus's technology from the sidelines—he personally participated in, and has detailed knowledge of, the engineering and development of Frontrunner Bus's patented structure. His position gave Mr. Kumar direct knowledge of the design objectives, engineering

challenges, construction methods, structural relationships, and technical principles underlying the Frontrunner Bus.

32. On information and belief, Mr. Kumar has utilized his involvement in the development of the Frontrunner Bus to market and sell Pareto's infringing Step-Free Bus, including by referring to himself as the "Father of the Frontrunner" on a private call during which the Step-Free Bus was first announced, hoping to court the attendees of that call, which included numerous bus dealers, to represent the Step-Free Bus.

33. Pareto's August 20, 2026, press release states that Mr. Kumar "has invented seven technologies that have been granted U.S. patents, with four additional U.S. patent applications pending," and that "[h]is intellectual property portfolio covers modular vehicle architecture, wheelchair-accessible transportation systems, vehicle-flooring technologies, and automotive engineering innovations." *See* Exhibit 4.

34. What Pareto's press release neglects to mention is that while Mr. Kumar may be named as an ***inventor*** on seven issued U.S. Patents, he does not hold any rights in the majority of those patents, having assigned them to Frontrunner, *see*, *e.g.*, Exhibits 1-3, or other entities. Despite this, Mr. Kumar appears to be utilizing the inventions in these assigned patents, including the Asserted Patents, for his own purposes. For example, Pareto's website, a true and

correct copy of which is attached hereto as Exhibit 5, describes the structure of the Step-Free Bus as including a "[p]atented Sandwich panel + Al extrusion box structure." *See* Ex. 5. While Mr. Kumar is a named inventor on a patent directed to sandwich panel structure—the '709 Patent assigned to Frontrunner—neither Mr. Kumar, nor Pareto, have any right to practice that Patent, nor is Frontrunner aware of any similar patent being issued to either Mr. Kumar or Pareto.

35. Further, Mr. Kumar's U.S. Patent Application Publication No. US 2026/0021850, entitled "Extruded Rail Joints for Sandwich Panels in a Vehicle," a true and correct copy of which is attached as Exhibit 6, contains content directly copied from the Asserted Patents (the Background of the Invention section) and seeks patent protection for structures similar to the inventions claimed and disclosed in the Asserted Patents.

36. Based on Mr. Kumar's personal involvement with the development of the Frontrunner Bus and the Asserted Patents, Pareto knew, or should have known, that the practice of inventions claimed in the Asserted Patents would constitute infringement of those patents.

**COUNT I: INFRINGEMENT OF THE '709 PATENT**

37. Frontrunner incorporates by reference the allegations contained in paragraphs 1 through 36 above as if fully set forth herein.

38. Pareto, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the ’709 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell the Pareto Step-Free Bus.

39. Notice of the factual basis of Frontrunner’s allegations of infringement of the ’709 Patent by the Pareto Step-Free Bus is provided in the representative claim chart attached hereto as Exhibit 6. The claim chart demonstrates how the ’709 Patent is infringed by reference to the Step-Free Bus itself, as well as a provisional patent application filed by Mr. Kumar, U.S. Provisional Patent Application No. U.S. 2026/0021850, which, on information and belief, discloses the structures of the Step-Free Bus.

40. The representative infringement claim chart attached as Exhibit 6 is based on Frontrunner’s current understanding of the Step-Free Bus based on information publicly available at the time of filing this Complaint. Frontrunner expects discovery to reveal additional evidence of infringement, which may support theories of infringement in addition to those reflected in Exhibit 6. Frontrunner’s infringement contentions will be disclosed more fully in the course of discovery, as appropriate, in compliance with this Court’s rules and orders related to infringement contentions and discovery.

41. Pareto’s direct infringement of the ’709 Patent has injured Frontrunner, and Frontrunner is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

42. Pareto’s infringement of the ’709 Patent is deliberate, intentional, and egregious such that Frontrunner is entitled to treble damages and attorneys’ fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

**COUNT II: INFRINGEMENT OF THE ’102 PATENT**

43. Frontrunner incorporates by reference the allegations contained in paragraphs 1 through 42 above as if fully set forth herein.

44. Pareto, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the ’102 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell the Pareto Step-Free Bus.

45. Notice of the factual basis of Frontrunner’s allegations of infringement of the ’102 Patent by the Pareto Step-Free Bus is provided in the representative claim chart attached hereto as Exhibit 7. The claim chart demonstrates how the ’102 Patent is infringed by reference to the Step-Free Bus itself, as well as a provisional patent application filed by Mr. Kumar, U.S.

Provisional Patent Application No. U.S. 2026/0021850, which, on information and belief, discloses the structures of the Step-Free Bus.

46. The representative infringement claim chart attached as Exhibit 7 is based on Frontrunner's current understanding of the Step-Free Bus based on information publicly available at the time of filing this Complaint. Frontrunner expects discovery to reveal additional evidence of infringement, which may support theories of infringement in addition to those reflected in Exhibit 6. Frontrunner's infringement contentions will be disclosed more fully in the course of discovery, as appropriate, in compliance with this Court's rules related to infringement contentions and discovery.

47. Pareto's direct infringement of the '102 Patent has injured Frontrunner, and Frontrunner is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

48. Pareto's infringement of the '102 Patent is deliberate, intentional, and egregious such that Frontrunner is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

**COUNT III: INFRINGEMENT OF THE '394 PATENT**

49. Frontrunner incorporates by reference the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50. Pareto, directly and/or through its subsidiaries, affiliates, agents, and/or business partners, has in the past and continues to directly infringe the ’394 Patent pursuant to 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, and/or offering to sell the Pareto Step-Free Bus.

51. Notice of the factual basis of Frontrunner’s allegations of infringement of the ’394 Patent by the Pareto Step-Free Bus is provided in the representative claim chart attached hereto as Exhibit 8. The claim chart demonstrates how the ’394 Patent is infringed by reference to the Step-Free Bus itself, as well as a provisional patent application filed by Mr. Kumar, U.S. Provisional Patent Application No. U.S. 2026/0021850, which, on information and belief, discloses the structures of the Step-Free Bus.

52. The representative infringement claim chart attached as Exhibit 8 is based on Frontrunner’s current understanding of the Step-Free Bus based on information publicly available at the time of filing this Complaint. Frontrunner expects discovery to reveal additional evidence of infringement, which may support theories of infringement in addition to those reflected in Exhibit 8. Frontrunner’s infringement contentions will be disclosed more fully in the course of discovery, as appropriate, in compliance with this Court’s rules related to infringement contentions and discovery.

53. Pareto's direct infringement of the '394 Patent has injured Frontrunner, and Frontrunner is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

54. Pareto's infringement of the '394 Patent is deliberate, intentional, and egregious such that Frontrunner is entitled to treble damages and attorneys' fees and costs incurred in this action under 35 U.S.C. §§ 284 and 285.

## JURY DEMANDED

55. In accordance with Rule 38(b) of the Federal Rules of Civil Procedure, Frontrunner demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

Frontrunner respectfully requests the Court enter judgement in its favor and against Pareto as follows:

i. Finding that Pareto has directly infringed or is directly infringing one or more claims of the Asserted Patents;

ii. Awarding Frontrunner damages in accordance with 35 U.S.C. § 284, or as otherwise permitted by law, including treble damages based on Pareto's willful infringement, and damages for any continued post-verdict infringement;

iii. Awarding Frontrunner pre-judgment and post-judgment interests on the damages award and costs;

iv. Declaring this case exceptional and awarding Frontrunner its reasonable attorneys' fees in accordance with 35 U.S.C. § 285, or as otherwise permitted by law;

v. A permanent injunction enjoining Pareto and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert or privity with any of them from infringing or inducing or contributing to the infringement of the Asserted Patents without additional compensation to Frontrunner in an amount to be determined by the Court; and

vi. Awarding all such other costs and further relief the Court determines to be just and equitable.

Dated: September 15, 2026

NIXON PEABODY LLP

By: */s/ Gregory N. Blase*

Gregory N. Blase (P66079)
gblase@nixonpeabody.com
53 State Street
Boston, MA 02109
Telephone: 617-345-1000
Facsimile: 617-345-1001

*Attorneys for Frontrunner Bus Group, Inc., f/k/a New England Wheels, Inc.*